UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN STEVENS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE STATE OF NEW JERSEY, et al.,<br><br>　　　　Defendants. | Civil Action No. 24-7746 (MAS)<br><br><br>MEMORANDUM REMAND ORDER |

This matter comes before the Court on Plaintiff Calvin Stevens's current filing (ECF No. 1) which purports to be a motion seeking to remove his state criminal prosecution from the Hamilton Municipal Court to federal court, purportedly pursuant to 28 U.S.C. § 1443. As Plaintiff seeks to remove his criminal charges, the Court is required by 28 U.S.C. § 1455 to examine Plaintiff's removal attempt and summarily remand the matter back to state court if it "clearly appears on the face of the notice and any exhibits attached thereto that removal should not be permitted."

As the Third Circuit has explained,

> Section 1443 authorizes the removal of a state law action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). For this provision to apply, "a state court defendant must demonstrate both: (1) that he is being deprived of rights guaranteed by a federal law 'providing for equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis* [*v. Glanton*, 107 F.3d 1044,] 1047 [(3d Cir. 1997)] (quoting *State of Georgia v. Rachel*, 384 U.S 780, 788 [] (1966). Under the first requirement, the defendant must allege a deprivation of rights guaranteed by a federal law "providing for specific civil rights in terms of racial equality." *Id.* Under the second requirement, removal is available where the defendant's civil rights would "inevitably be denied by the very act of being brought to trial in state court." *Id.* at 1049.

*New Jersey v. Thomas*, 344 F. App'x 727, 728 (3d Cir. 2009). It is not enough that a criminal defendant believes that his rights may be compromised during his state prosecution. Instead, the defendant must show that the predicted denial of his rights is clear and obvious. *Davis*, 107 F.3d at 1050.

Here, Plaintiff does little more than parrot the removal statute, alleging in a conclusory fashion that his rights to equal protection will be denied because of unspecified "arbitrary and selective enforcement" of unspecified state and federal laws. (ECF No. 1-2 at 1-2.) It appears from Plaintiff's filings that he attempted to defend his charges by using sovereign citizen arguments and that these arguments did not bear fruit, and that this is the basis for his belief that the Hamilton Municipal Court holds some bias against him. (*Id.* at 3-5.) Plaintiff, however, has not clearly identified any right protected by a specific federal law that will be violated by his state prosecution. Rather, Plaintiff appears to be unhappy with the failure of his sovereign citizen arguments and the fact that the judge overhearing his case is of different ancestry than he, but these are not clear violations of Plaintiff's rights to equal protection or any other federally protected right. Plaintiff has likewise failed to show that a denial of his civil rights is inevitable, clear, or obvious. Plaintiff failed to identify a state law that would cause a deprivation of his rights, failed to allege any precedent which would mandate the denial of his federal rights, and failed to allege a clear set of facts which would show that the act of being brought to trial would inevitably deny his rights. Plaintiff has thus failed to meet the requirements for removal under § 1443(1), and the Court must therefore summarily remand Plaintiff's criminal charges to state court. This matter will in turn be dismissed for lack of jurisdiction.

**IT IS THEREFORE** on this 28th day of January, 2025, **ORDERED** that:

1. Plaintiff's criminal charges are summarily remanded to state court, specifically the Hamilton Municipal Court;

2. This matter is dismissed for lack of jurisdiction; and

3. The Clerk of the Court shall serve a copy of this Memorandum Remand Order to the Hamilton Municipal Court by regular mail and upon Plaintiff by regular mail, and shall **CLOSE** the file.

                                                      **MICHAEL A. SHIPP**
                                                      **UNITED STATES DISTRICT JUDGE**